# Court of Appeals
# of the State of Georgia

ATLANTA,  May 18, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0253. FOSTER-WAITHE v. THE STATE.**

Dowridge Foster-Waithe filed this appeal pursuant to a trial court order granting his motion for an out-of-time appeal. But in *Cook v. State*, ___ Ga. ___ (___ SE2d ___) (Case No. S21A1270, decided March 15, 2022), our Supreme Court recently held that "there was and is no legal authority for motions for out-of-time appeal in trial courts and that the out-of-time appeal procedure . . . is not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations. [This] holding applies . . . to all cases that are currently on direct review or otherwise not yet final." Id. at ___ (5) (slip op. at 82). So Foster-Waithe "had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus." *Rutledge v. State*, ___ Ga. ___ (___ SE2d ___) (Case No. S21A1036, decided March 15, 2022) (slip op. at 4).

> Accordingly, the trial court was without jurisdiction to decide [Foster-Waithe's] motion for [an] out-of-time appeal . . . and because the trial court's order plainly shows that it [granted] the motion on the merits, the trial court's order must be[, and hereby is,] vacated and the case [is] remanded to the trial court with direction that the motion be dismissed.

*Cook*, supra (citation and punctuation omitted). Accord *Rutledge*, supra ("we vacate the trial court's order [ruling on a motion for an out-of-time appeal] and remand for entry of the appropriate dismissal order"); *Lilly v. State*, __ Ga. App. __ (__ SE2d __) (Case No. A22A0564, decided Mar. 29, 2022).

If Foster-Waithe believes that he was unconstitutionally deprived of his right to appeal, he may be able to pursue relief for that claim through a petition for a writ

of habeas corpus, along with any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction. See OCGA § 9-14-41 et seq. He should be aware of the possible application of the restrictions that apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __05/18/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*